Josefina Maceira widow of Fuxá, Plaintiff and Appellee, *v.* Sebastián Torres Aguilar, Defendant and Appellant.

No. 12619.    Decided April 25, 1962.

*Antonio Reyes Delgado* for appellant. *Gilberto Ramírez Velazco* and *P. J. Santiago Lavandero* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Rigau and Mr. Justice Dávila.

Mr. Justice Belaval delivered the opinion of the Court.

Josefa Orcasitas Delgado wed, by a first marriage, Rafael Maceira, from which marriage a daughter was born, Josefina Maceira Orcasitas, appellee herein, and by a second marriage, she wed Ramón Torres Aguilar, from which marriage no children were born.   In turn, the daughter Josefina Maceira Orcasitas wed Federico Fuxá Cuesta, by her only marriage, giving birth to two children, Gloria Fuxá Maceira and Federico Fuxá Maceira.   In turn, Federico Fuxá Maceira married Estelvina Hernández and had two children named José Ramón Fuxá Hernández and Federico Fuxá Hernández.

On May 19, 1942 Josefa Orcasitas Delgado and her second husband Ramón Torres Aguilar appeared before Notary Juan Enrique Géigel, and established a trust of a lot and house

in the ward of Santurce, in favor of the minor José Ramón Fuxá Hernández, great-grandchild of the executing party Josefa Orcasitas Delgado, and on September 8, 1944 the same parties, Josefa Orcasitas Delgado and Ramón Torres Aguilar, appeared before Notary Guillermo Silva and established a trust on another lot and house in the ward of Santurce in favor of the minor Federico Fuxá Hernández, the second great-grandchild of the executing party Josefa Orcasitas Delgado. It seems that before her death, on February 14, 1955, Josefa Orcasitas Delgado executed a will declaring her daughter Josefina Maceira widow of Fuxá her sole and universal heir, and that at the time of her death the testatrix had no property of any kind, except whatever might be obtained from the annulment of those trusts in that part which affected the testamentary legal portion of appellee herein.

The sole question in litigation submitted to this Court is the following: Whether the trusts in favor of the great-grandchildren should be annulled as to one third—that of the legal portion—or as to two thirds—the legal portion plus the extra portion—as was decided by the trial court. Appellant alleges that since the trusts were established in favor of the two great-grandchildren, the transfer of property of the two trusts inter vivos may be declared valid as to two thirds because a great-grandchild can be favored and the appellee alleges that the transfer of property may be validated only as to the third portion of free disposal since the extra portion is not involved.

Section 846 of the Civil Code of Puerto Rico (1930 ed.)—31 L.P.R.A. § 2553—provides that: "Trusts constituted to the detriment or impairment of the rights of heirs at law as prescribed in this title, are hereby prohibited and are likewise null." And § 874—31 L.P.R.A. § 2581—of the same Code provides that: "Nothing contained in this chapter shall be understood to repeal or modify the system of inheritance established by this title."

Perhaps it is convenient to add that in this case we are not concerned with a trust substitution of a testamentary nature, but with a declaration of trust of a contractual nature, since it is a trust inter vivos, which partakes of the nature of an irrevocable agency in that part which does not impair the legitimate rights of the heirs at law of the constituent. This being so, it is not difficult to conclude, as to the third of the free disposal, that the transfer of trusts inter vivos of said free third portion is subject to the trust since it is an alienation, declared by law to be irrevocable.

Now, what is essentially at issue in this petition is whether once the declaration of trust was made in favor of certain great-grandchildren, besides the free third of disposal, the extra portion may be considered as already alienated in an irrevocable way. Our first thought is that if it concerns a contractual advantage the same becomes revocable and therefore, the subsequent will of the appellee may be considered a revocation of the former. It is well known that an extra portion, even if made with the delivery of the property, shall be revocable, unless it has been made in a marriage agreement or by a contract involving a valuable consideration with a third person—§ 754 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 2394—but none of these propositions are involved in this issue: 14 SCAEVOLA, Civil Code 498 (1944 Reus Edition). If theoretically the transfer of property in a trust is supposedly made to a third person, the trustee, it is not a matter of a contract involving valuable consideration, and in any event the declaration of nullity of § 846 of our trust provisions would embrace any extra portion of a contractual nature.

Appellee is right when she alleges that every extra portion must be express—§ 752 of the Civil Code of Puerto Rico (1930 ed.)—31 L.P.R.A. § 2392—the two sole exceptions being those established in §§ 711 and 755 of the same Code, both of a testamentary nature, and therefore not included in this question: 5 VALVERDE, *Tratado de Derecho Civil Español*

287 (1939 Cuesta Edition); V BORRELL Y SOLER, *Derecho Civil Español* 285 (1954 Bosch Edition); 6 MANRESA, *Comentarios al Código Civil Español* 497 (1951 Reus Edition); GUAROA VELÁZQUEZ, *Teoría de la Sucesión Testada Conforme al Derecho Puertorriqueño* 30 (1947 Mimeographed Edition).

Since according to § 846 of our Civil Code any trust which impairs the rights of heirs at law is null, it is evident that at the time of determining the legal portion of appellee, consisting of two thirds of one half of the properties transferred for the trust, the proper thing is to treat such trusts as if they had not been effected, and fix the net value in agreement with the first paragraph of § 746 of our Civil Code.

The judgment rendered by the San Juan Part of the Superior Court of Puerto Rico is correct and the review thereof does not lie.